**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____

| | | |
|---|---|---|
| JACKLYN KENNEDY | ) | |
| | ) | **Civil Action No.** |
| **Plaintiff,** | ) | |
| **vs.** | ) | |
| | ) | |
| INTEGRITY FINANCIAL | ) | |
| PARTNERS, INC. | ) | |
| | ) | |
| **Defendant.** | ) | |

_____)

## COMPLAINT
## UNLAWFUL DEBT COLLECTION PRACTICES

### I. INTRODUCTION

1.      This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereafter the "FDCPA") and other state laws. The FDCPA prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

### II. JURISDICTION AND VENUE

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3.      Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

### III. PARTIES

4.      Plaintiff Jacklyn Kennedy is an adult individual residing at 520 Broadway Estates, Turbotville, PA 17772.

5.      Defendant Integrity Financial Partners, Inc. is a corporation with its principal office located at 4370 W. 109th Street, Ste 100, Overland Park, KS 66211.  The principal purpose

of Defendant is the collection of debts already in default using the mails and telephone, and Defendant regularly attempts to collect said debts.

## V    FACTUAL ALLEGATIONS

6.      At all pertinent times hereto, Defendant was hired by Chase Bank USA to collect a debt relating to consumer credit card purchases that were allegedly originally owed to Chase Bank USA (hereafter the "debt).

7.      The alleged debt at issue arose out of transactions that were primarily for personal, family or household purposes.

8.      On or about January 21, 2010, Defendant wrote and sent directly to the Plaintiff by U.S. mail a collection or "dunning" letter, which, *inter alia*, attempted to coerce Plaintiff into paying the debt (hereafter referred to as the "1/21/10 Letter") (A true and correct copy of the 1/21/10 Letter is attached as Exhibit "A" and is incorporated herein).

9.      At all pertinent times hereto, the 1/21/10 Letter was the initial communication to Plaintiff by the Defendant. Additionally, Defendant did not send any written communications to Plaintiff with respect to the alleged debt within five days after the above initial communication.

10.      Notwithstanding the above, on or about January 25, 2010, Defendant contacted Plaintiff at her place of residence in an attempt to coerce payment of the debt with the intent to annoy, abuse, and harass such persons contacted.

11.      Notwithstanding the above, on or about January 26, 2010, Defendant contacted Plaintiff at her place of residence in an attempt to coerce payment of the debt with the intent to annoy, abuse, and harass such persons contacted.

12.      Notwithstanding the above, on or about January 27, 2010, Defendant contacted

2

Plaintiff at her place of residence in an attempt to coerce payment of the debt with the intent to annoy, abuse, and harass such persons contacted, including but not limited to three (3) times throughout the day.

13.     Notwithstanding the above, on or about January 28, 2010, Defendant contacted Plaintiff at her place of residence in an attempt to coerce payment of the debt with the intent to annoy, abuse, and harass such persons contacted.

14.     Notwithstanding the above, on or about January 29, 2010, Defendant contacted Plaintiff at her place of residence in an attempt to coerce payment of the debt with the intent to annoy, abuse, and harass such persons contacted.

15.     Thereafter, on or about January 30, 2010, Plaintiff wrote and sent to Defendant a letter (hereafter the "Dispute and Cease and Desist Letter") which, *inter alia*, disputed the debt and requested that Defendant no longer contact Plaintiff. Defendant received the Dispute and Cease and Desist Letter on February 19, 2010.  (A true and correct copy of the Dispute and Cease and Desist Letter and proof of delivery is attached hereto as Exhibit "B" and is incorporated herein).

16.     Notwithstanding the above, Defendant never sent the requested validation to Plaintiff.

17.     Notwithstanding the above, on or about February 1, 2010, Defendant contacted Plaintiff at her place of residence in an attempt to coerce payment of the debt with the intent to annoy, abuse, and harass such persons contacted.

18.     Notwithstanding the above, on or about February 4, 2010, Defendant contacted Plaintiff at her place of residence in an attempt to coerce payment of the debt with the intent to

annoy, abuse, and harass such persons contacted.

19.     Notwithstanding the above, on or about February 6, 2010, Defendant contacted Plaintiff at her place of residence in an attempt to coerce payment of the debt with the intent to annoy, abuse, and harass such persons contacted.

20.     Notwithstanding the above, on or about February 8, 2010, Defendant contacted Plaintiff at her place of residence in an attempt to coerce payment of the debt with the intent to annoy, abuse, and harass such persons contacted.

21.     Notwithstanding the above, on or about February 9, 2010, Defendant contacted Plaintiff at her place of residence in an attempt to coerce payment of the debt with the intent to annoy, abuse, and harass such persons contacted.

22.     Notwithstanding the above, on or about February 12, 2010, Defendant contacted Plaintiff at her place of residence in an attempt to coerce payment of the debt with the intent to annoy, abuse, and harass such persons contacted.

23.     Notwithstanding the above, on or about February 17, 2010, Defendant contacted Plaintiff at her place of residence in an attempt to coerce payment of the debt with the intent to annoy, abuse, and harass such persons contacted.

24.     Notwithstanding the above, on or about February 20, 2010, Defendant contacted Plaintiff at her place of residence in an attempt to coerce payment of the debt with the intent to annoy, abuse, and harass such persons contacted.

25.     On or about March 8, 2010, Defendant wrote and sent directly to the Plaintiff by U.S. mail a collection or "dunning" letter, which, *inter alia*, attempted to coerce Plaintiff into paying the debt (hereafter referred to as the "3/8/10 Letter") (A true and correct copy of the

3/8/10 Letter is attached as Exhibit "C" and is incorporated herein).

26.     Notwithstanding the above, on or about March 19, 2010, Defendant contacted Plaintiff at her place of residence in an attempt to coerce payment of the debt with the intent to annoy, abuse, and harass such persons contacted, including but not limited to two (2) times throughout the day.

27.     Notwithstanding the above, on or about March 25, 2010, Defendant contacted Plaintiff at her place of residence in an attempt to coerce payment of the debt with the intent to annoy, abuse, and harass such persons contacted.

28.     Notwithstanding the above, on or about March 27, 2010, Defendant contacted Plaintiff at her place of residence in an attempt to coerce payment of the debt with the intent to annoy, abuse, and harass such persons contacted.

29.     Notwithstanding the above, on or about April 5, 2010, Defendant contacted Plaintiff at her place of residence in an attempt to coerce payment of the debt with the intent to annoy, abuse, and harass such persons contacted.

30.     Notwithstanding the above, on or about June 15, 2010, Defendant contacted Plaintiff at her place of residence in an attempt to coerce payment of the debt with the intent to annoy, abuse, and harass such persons contacted.

31.     The Defendant acted in a false, deceptive, misleading and unfair manner by harassing, oppressing and abusing the Plaintiff including, but not limited to, repeatedly and continuously contacting the above person with the intent to annoy, abuse, and harass such person.

32.     The Defendant acted in a false, deceptive, misleading and unfair manner by continuing to communicate directly with Plaintiff with regards to the debt after Plaintiff had

notified Defendant in writing that she wished the Defendant to cease oral communication.

33.     Defendant acted in a false, deceptive, misleading and unfair manner by failing to provide verification of the alleged debt pursuant to 15 U.S.C. 1692g of the FDCPA.

34.     The Defendant acted in a false, deceptive, misleading and unfair manner by using false representation, deceptive means or unconscionable means to collect or attempt to collect any debt or obtain information concerning a consumer.

35.     Defendant knew or should have known that its actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to insure compliance with said laws.

36.      At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

37.     At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

38.     As a result of Defendant's conduct, Plaintiff has sustained actual damages including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, out-of-pocket expenses, damage to Plaintiff's credit, physical, emotional and mental pain and anguish and pecuniary loss, and Plaintiff will continue to suffer same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

## V.  FIRST CLAIM FOR RELIEF-VIOLATION OF THE FDCPA

39.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

40.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

41.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

42.     The above contacts by Defendant are "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

43.     Defendant violated the FDCPA. Defendant's violations include, but are not limited to, violations of 15 U.S.C. §§ 1692c(c), 1692d, 1692d(5), 1692e(10), 1692f, and 1692g, as evidenced by the following conduct:

    (a)     Communicating further with the  consumer after the consumer notified the debt collector in writing that the consumer wishes the debt collector to cease further communication with the consumer;

    (b)     Engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

    (c)     Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number;

    (d)     Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect a debt from the Plaintiff; and

    (e)     Failing to provide verification information of a debt pursuant to 15 U.S.C. 1692g of the FDCPA.

44.     Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the debt.

45.     As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

(a)     That judgment be entered against Defendant for actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

(b)     That judgment be entered against Defendant for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(c)     That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3); and

(d)     That the Court grant such other and further relief as may be just and proper.

## VI.     SECOND CLAIM FOR RELIEF- INVASION OF PRIVACY

46.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

47.     Defendant continuously and repeatedly contacting Plaintiff after Plaintiff requested in writing that Defendant cease and desist from contacting her constitutes an invasion of privacy.

48.     As a result of Defendant's above mentioned conduct, Plaintiff sustained and

continues to sustain the losses and damages as set forth above.

WHEREFORE, Plaintiff claims compensatory, punitive and all other forms of cognizable damages against Defendant and judgment in her favor, plus lawful interest thereon, attorney's fees and costs of suit.

## VI.  JURY TRIAL DEMAND

49.     Plaintiff demands trial by jury on all issues so triable.


**RESPECTFULLY SUBMITTED,**

**FRANCIS & MAILMAN, P.C.**


BY: */s/ Mark D. Mailman*
        MARK D. MAILMAN, ESQUIRE
        JOHN SOUMILAS, ESQUIRE
        GEOFFREY H. BASKERVILLE, ESQUIRE
        Attorneys for Plaintiff
        Land Title Building, 19th Floor
        100 South Broad Street
        Philadelphia, PA 19110
        (215) 735-8600

DATE:  January 21, 2011